IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PORTIA GEORGE**<br>　　　　**Plaintiff,**<br><br>　　　　v.<br><br>**AMERICAN BAPTIST CHURCHES USA,**<br>　　　　**Defendant.** | **CIVIL ACTION**<br><br>**NO. 07-1306** |

**ORDER AND MEMORANDUM**

**ORDER**

**AND NOW**, this 29th day of May, 2008, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 9, filed February 4, 2008), Plaintiff's Answer to Defendant's Motion for Summary Judgment (Doc. No. 12, filed February 28, 2008), and Defendant's Reply Memorandum of Law in Support of Defendant's Motion for Summary Judgment (Doc. No. 16, filed March 18, 2008), for the reasons stated in the attached Memorandum, **IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED** and **JUDGMENT IS ENTERED** in **FAVOR** of defendant, American Baptist Churches USA, and **AGAINST** plaintiff, Portia George.

**MEMORANDUM**

**I.    BACKGROUND**

**A.    Factual and Procedural Background**

Plaintiff Portia George, an African-American, was employed by defendant American Baptist Churches USA from March 1982 until February 2005. (Compl. ¶ 7; Pl.'s Dep. 124, in Ex. A to Def.'s Motion.)  Her employment was terminated in February 2005 because the position

she held, Director of the Mission Speakers Program, was eliminated. (Pl.'s Dep. 124.) Following her termination, plaintiff applied for another position with defendant, Administrative Secretary with the Women in Ministry ("WIM"), on March 2, 2005. (Compl. ¶ 8; Pl.'s Dep. 126, 139.) In a letter dated March 14, 2005, Johnson Eapen, defendant's Associate Director for Human Resource Development, informed plaintiff that she was no longer being considered for the WIM Administrative Secretary position. (Ex. George 25, in Ex. A to Def.'s Motion.) Plaintiff received this letter "within a few days" of March 14, 2005, and understood as of that time that she was no longer under consideration for the position. (Pl.'s Dep. 151.) As a result of her concern over the loss of this opportunity, plaintiff contacted an attorney, Robert T. Vance, Jr., who wrote a letter, dated March 15, 2005, to defendant on her behalf. (Pl.'s Dep. 152; Ex. George 26, in Ex. A to Def.'s Motion.) On March 29, 2005, defendant offered the WIM Administrative Secretary position to Adrienne Petrisko, a Caucasian. (Def.'s Mem. of Law 15; Ex. G to Def.'s Motion.)

Plaintiff filed the Complaint against defendant on April 2, 2007. The Complaint is based on defendant's failure to hire plaintiff for the WIM Administrative Secretary position and alleges that defendant "failed to select [plaintiff] for the position because of her race," in violation of 42 U.S.C. § 1981. (Compl. ¶¶ 3, 13.) Plaintiff also alleges in the Complaint that defendant "discriminated against [plaintiff] by denying her the same rights as are enjoyed by White employees with respect to the terms and conditions of her employment relationship with defendant and to the enjoyment of all benefits, privileges, terms, and conditions of that relationship, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended." (Compl. ¶ 16.)

B.  **Summary of the Filings**

1.   **Defendant's Motion for Summary Judgment**

In its Memorandum of Law in Support of its Motion for Summary Judgment, defendant argues that it is entitled to summary judgment on plaintiff's failure to hire claim because that claim is barred by the applicable statute of limitations. (Def.'s Mem. of Law 16.) Although, as defendant notes, § 1981 "does not contain an express statute of limitations," (Def.'s Mem. of Law 16) (citing Goodman v. Lukens Steel Co., 482 U.S. 656, 660 (1987)), the Supreme Court in Goodman instructed federal courts to apply "the most appropriate or analogous state statute of limitations" to claims based on violations of § 1981. Goodman, 482 U.S. at 660. The Goodman Court went on to hold that the Third Circuit was correct in selecting Pennsylvania's two-year limitations period for personal injury actions to apply to actions under § 1981. (Def.'s Mem. of Law 16-17) (citing Goodman, 482 U.S. at 662).

Defendant admits that some actions under § 1981 are not subject to the two-year statute of limitations for Pennsylvania personal injury actions, but rather to a federal four-year statute of limitations. (Def.'s Mem. of Law 17-18.) As explained by defendant, on December 1, 1990, Congress enacted a "federal catchall four-year statute of limitations for any 'civil action arising under an Act of Congress enacted after the date of the enactment of this section.'" (Def.'s Mem. of Law 17) (quoting 28 U.S.C. § 1658). In Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004), the Supreme Court held that "a cause of action 'aris[es] under an Act of Congress enacted' after December 1, 1990-and therefore is governed by § 1658's 4-year statute of limitations-if the plaintiff's claim against the defendant was made possible by a post-1990 enactment." (Def.'s Mem. of Law 17.)

3

Because § 1981 was amended, and its reach expanded, by Congress in the Civil Rights Act of 1991, actions under § 1981 which were "made possible by the 1991 Act . . . are subject to Section 1658's four-year statute of limitations." (Def.'s Mem. of Law 18) (quoting Smith-Cook v. Nat'l R.R. Passenger Corp. (AMTRAK), 2005 WL 3021101, at *7 (E.D. Pa. Nov. 10, 2005) (citing R.R. Donnelly & Sons Co., 541 U.S. at 382)). Claims which would have been actionable even under the pre-1991 version of § 1981, however, "are still subject to Goodman v. Lukens's application of Pennsylvania's two-year state statute of limitations period." (Def.'s Mem. of Law 18) (quoting Smith-Cook, 2005 WL 3021101, at *7 (citing R.R. Donnelly & Sons Co., 541 U.S. at 382)).

Defendant contends that plaintiff's failure to hire claim would have been actionable under the pre-1991 version of § 1981 and is therefore subject to Pennsylvania's two-year statute of limitations for personal injury actions. (Def.'s Mem. of Law 18-19) (citing Johnson v. Crown Enters., Inc., 398 F.3d 339, 341-42 (5th Cir. 2005); Fit v. Northern Trust, Corp., 2007 WL 4373971, at *2 (N.D. Ill. Dec. 14, 2007); Williams v. Hawkeye Cmty. Coll., 494 F. Supp. 2d 1032, 1042 (N.D. Iowa 2007); Mahar v. City of Portland, 2005 WL 465428, at *8-9 (D. Or. Feb. 28, 2005)). Defendant further argues that the failure to hire claim is barred by the two-year statute of limitations because plaintiff's "sworn deposition testimony establishes conclusively that she was informed no later than March 15, 2005 that [defendant] had removed her from consideration for the WIM Administrative Secretary position. However, she did not file her Complaint until more than two years later on April 2, 2007, which was also more than two years after the successful applicant for that position was hired." (Def.'s Mem. of Law 19.)

In the alternative, defendant argues that even if plaintiff's failure to hire claim were not time-barred, defendant would be entitled to summary judgment because defendant "has proffered

4

legitimate, non-discriminatory reasons for removing Plaintiff from consideration" for the WIM Administrative Secretary position and plaintiff "has failed to produce any evidence that [defendant's] reasons are pretextual." (Def.'s Mem. of Law 2.) Because the Court disposes of the Motion for Summary Judgment on statute of limitations grounds, it does not address this alternative argument.

2. **Plaintiff's Answer to Defendant's Motion for Summary Judgment ("Plaintiff's Answer")**

In opposing defendant's Motion for Summary Judgment, plaintiff argues that her failure to hire claim is not time-barred. (Pl.'s Mem. of Law in Opp. 10.) Specifically, plaintiff asserts that the four-year statute of limitations of 28 U.S.C. § 1658 applies to this case because plaintiff "complains about more than defendant's failure to rehire her," also contending "that she was subjected to discriminatory discipline by Roy Medley [defendant's General Secretary] and Wendy Rothenberger [defendant's Director of Human Resources] regarding her attendance." (Id. at 2, 10.)

Plaintiff also addresses defendant's argument that plaintiff has not demonstrated pretext. (Id. at 11-12.) However, as stated above, because the Court disposes of the Motion for Summary Judgment on statute of limitations grounds, it does not address this argument.

3. **Defendant's Reply Memorandum of Law in Support of Defendant's Motion for Summary Judgment ("Defendant's Reply")**

In its Reply, defendant addresses plaintiff's claim that "this case is governed by a four-year limitations period." (Def.'s Reply 5). Defendant first points out that plaintiff fails to cite "a single authority in disagreement with the numerous federal courts holding that failure-to-hire claims under Section 1981 are governed by a two-year statute of limitations." (Id.) Defendant then argues that, contrary to plaintiff's assertion that her Complaint alleges a cause of action for

5

disparate treatment during her employment, the Complaint is "utterly devoid of any such allegations" and "states a single claim of failure-to-hire." (Id.)  Defendant contends that plaintiff "could have filed a motion seeking leave to amend her Complaint at any time during this litigation," but has not, instead electing to raise new allegations in her Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment. (Id.)  Defendant concludes that plaintiff should not be permitted to "expand the scope of her Complaint after the close of discovery by making bald allegations of disparate treatment in her opposition brief" and "[a]ccordingly, the Court should find that Plaintiff's action for a failure-to-hire is governed by a two-year statute of limitations and is therefore time-barred." (Id.)

## II.  LEGAL STANDARD

A court should grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A "genuine" issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute is "material" when it "might affect the outcome of the suit under the governing law." Id.  In considering a motion for summary judgment, the "facts must be viewed in the light most favorable to the party opposing summary judgment." Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990).  The party opposing the motion, however, cannot "rely merely upon bare assertions, conclusory allegations, or suspicions" to support its claim.  Fireman's Ins. Co. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).

Summary judgment is appropriate if a plaintiff's cause of action is barred by the statute of limitations.  See Hersh v. Allen Products Co., 789 F.2d 230 (3d Cir. 1986); Feddersen v. Garvey, 427 F.3d 108 (1st Cir. 2005); Pineda-Morales v. De Rosa, 2005 WL 1607276 (D.N.J. July 6, 2005).

### III.    DISCUSSION

#### A.    Failure to Hire Claim

Plaintiff's failure to hire claim would have been actionable under the pre-1991 version of 42 U.S.C. § 1981.  Thus it is subject to Goodman's application of the two-year Pennsylvania statute of limitations for personal injury actions.  Smith-Cook, 2005 WL 3021101, at *7.

Prior to the 1991 amendment of 42 U.S.C. § 1981, the statute protected the right of individuals to make and enforce contracts.  Bennen v. Rutgers State Univ., 941 F.2d 154, 169 (3d Cir. 1991) (citing 42 U.S.C. § 1981 (West 1981)).  The pre-1991 version of § 1981 prohibited, *inter alia*, "when based on race, the refusal to enter into a contract with someone, as well as the offer to make a contract only on discriminatory terms."  Patterson v. McLean Credit Union, 491 U.S. 164, 177 (1989).  Because failure to hire claims assert a failure to enter into a contract with a plaintiff, courts have routinely held that failure to hire claims would have been actionable under the pre-1991 version of § 1981.  See, e.g., Vereen v. Woodland Hills School Dist., 2008 WL 794451, at *16 n.6 (W.D. Pa. March 24, 2008); Jones v. Western Suffolk Boces, 2008 WL 495498, at *9 (E.D.N.Y. Feb. 20, 2008); Fit, 2007 WL 4373971, at *1-2; Mahar 2005 WL 465428, at *8.  The Court agrees that failure to hire claims allege a refusal to enter into a contract with an individual for discriminatory reasons, and thus these claims "fall squarely within the pre-1991 version of § 1981."  Mahar, 2005 WL 465428, at *8.

Because plaintiff's failure to hire claim would have been actionable under the pre-1991 version of § 1981, it is subject to Goodman v. Lukens's application of the two-year Pennsylvania statute of limitations for personal injury actions. Smith-Cook, 2005 WL 3021101, at *7. In Jones v. R.R. Donnelly & Sons Co., the Supreme Court held that the four-year statute of limitations in 28 U.S.C. § 1658 should apply to causes of action under 42 U.S.C. § 1981 that were made possible by the 1991 amendment to the statute, but that "'borrowed' limitations periods" should still apply to "pre-existing causes of action." 541 U.S. at 382. Because Pennsylvania's two-year statute of limitations for personal injury actions is the "borrowed" statute of limitations applied to § 1981 actions in the Third Circuit, see Goodman, 482 U.S. at 662, plaintiff's failure to hire claim is subject to a two-year statute of limitations.

Plaintiff's failure to hire claim is barred by that two-year statute of limitations. "A claim accrues in a federal cause of action as soon as a potential claimant either is aware, or should be aware, of the existence of and source of an injury." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1386 (3d Cir. 1994). More specifically, "a claim accrues in a federal cause of action upon awareness of actual injury, not upon awareness that this injury constitutes a legal wrong." Id. (citing Keystone Ins. Co. v. Houghton, 863 F.2d 1125, 1127 (3d Cir. 1988); Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450 (7th Cir. 1990); Merrill v. Southern Methodist Univ., 806 F.2d 600, 604-05 (5th Cir. 1986)). "In the employment context, the cause of action accrues when the adverse employment decision is made and communicated to the plaintiff." Miranda v. Chi. Hous. Auth., 1998 WL 246448, at *3 (N.D. Ill. May 1, 1998) (citing Chakonas v. City of Chi., 42 F.3d 1132, 1136 (7th Cir.1994)); see also Hanani v. State of N.J. Dep't of Envtl. Prot., 205 Fed. App'x 71, 76 (3d Cir. 2006) (non-precedential) (holding that plaintiff's cause of action for failure to promote accrued no later than date that supervisor advised

her that her name had been removed from the list of individuals under consideration for the promotion).[1]

Johnson Eapen, defendant's Associate Director for Human Resource Development, informed plaintiff in a letter dated March 14, 2005, that she was no longer being considered for the WIM Administrative Secretary position. (Ex. George 25, in Ex. A to Def.'s Motion.) Plaintiff admitted at her deposition that she received this letter "within a few days" of March 14, 2005, and understood as of that time that she was no longer under consideration for the position. (Pl.'s Dep. 151.) Further, plaintiff affirmed at her deposition that she contacted her attorney, Robert T. Vance, Jr., due to her concern over no longer being a candidate for the WIM Administrative Secretary position and that Mr. Vance then wrote a letter to defendant on her behalf. (Pl.'s Dep. 152.) That letter is dated March 15, 2005. (Pl.'s Dep. 152; Ex. George 26, in Ex. A to Def.'s Motion.)

The timing of Mr. Vance's letter to defendant on plaintiff's behalf makes clear that plaintiff had knowledge that she was no longer under consideration for the WIM Administrative Secretary position by March 15, 2005. That is the date of the adverse employment decision upon which she bases her failure to hire claim, and her claim accrued by that date. Oshiver, 398 F.3d 1386; Hanani, 205 Fed. App'x at 76; Miranda v. Chi. Hous. Auth., 1998 WL 246448, at *3. Because plaintiff did not file her Complaint until April 2, 2007, more than two years later, plaintiff's failure to hire claim is time-barred by the two-year statute of limitations.

---

[1] This unpublished opinion has no precedential value under § 5.7 of the Internal Operating Procedures of the Third Circuit, but the Court finds it instructive.

B.       **Disparate Treatment Claim**

In her Answer to Defendant's Motion for Summary Judgment, plaintiff asserts that her claim is not time-barred because the scope of her Complaint is broader than failure to hire and includes a claim for disparate treatment during her employment with defendant. (Pl.'s Mem. of Law in Opp. 10.) Specifically, plaintiff asserts that the four-year statute of limitations of 28 U.S.C. § 1658 applies to this case because plaintiff "complains about more than defendant's failure to rehire her," also contending "that she was subjected to discriminatory discipline by Roy Medley [defendant's General Secretary] and Wendy Rothenberger [defendant's Director of Human Resources] regarding her attendance." (Id. at 2, 10.)

The only paragraph in the Complaint which could possibly be read to encompass a claim of discriminatory discipline is paragraph 16, which reads:

> Defendant discriminated against [plaintiff] by denying her the same rights as are enjoyed by White employees with respect to the terms and conditions of her employment relationship with defendant and to the enjoyment of all benefits, privileges, terms, and conditions of that relationship, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended.

(Compl. ¶ 16.) However, this paragraph is inadequate to allege a claim for disparate treatment under § 1981 as it simply states the legal standard and provides no factual detail. As stated by the Third Circuit, a complaint must contain "enough factual matter (taken as true) to suggest" the elements of the claims asserted. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)); cf. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.") (quoted in Twombly, 127 S.Ct. at 1965). Plaintiff has set forth no details of any alleged disparate treatment - no facts at all - and thus she fails to meet this standard.

Further, the evidence to which plaintiff refers in her Answer to Defendant's Motion for Summary Judgment in support of the allegation that she was "subjected to discriminatory discipline by Roy Medley and Wendy Rothenberger regarding her attendance" is insufficient to defeat summary judgment. (Pl.'s Mem. of Law 10.) To establish a prima facie case of employment discrimination, the plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for her position; (3) she was subject to an adverse employment action; and (4) a similarly situated employee who was not a member of the protected class was treated more favorably. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Stewart v. Rutgers, The State Univ., 120 F.3d 426, 432 (3d Cir. 1997); Tucker v. Merck & Co., Inc., 131 Fed. App'x 852, 854-55 (3d Cir. 2005) (non-precedential).[2]

Plaintiff bases her disparate treatment allegation on two facts set forth in her Answer to Defendant's Motion for Summary Judgment. First, plaintiff notes that while both she and Lorie Smith, a Caucasian employee of defendant in the same department as plaintiff, received disciplinary letters regarding work attendance, plaintiff received her letter on December 11, 2003, and Smith did not receive her letter until February 13, 2004. (Pl.'s Mem. of Law in Opp. 2; Ex. George 17, in Ex. A to Def.'s Motion; Ex. Smith 1, in Ex. B to Def.'s Motion; Smith Dep. 8-9.) Plaintiff argues that "[b]ased on the timing of the issuance of the disciplinary letters, a fact finder could conclude that Medley disciplined Smith as an afterthought, and then only to avoid the appearance of discrimination." (Pl.'s Mem. of Law in Opp. 10-11.) Second, plaintiff points out that Wendy Rothenberger suggested to Smith that she apply for FMLA leave and then granted

---

[2] This unpublished opinion has no precedential value under § 5.7 of the Internal Operating Procedures of the Third Circuit, but the Court finds it instructive.

Smith FMLA leave for up to three days each month.  (Id. at 11.)  Plaintiff contends that Rothenberger "made no such efforts on [plaintiff's] behalf," and thus treated plaintiff "different[ly] and worse than" Smith.  (Id. at 10-11.)

Assuming without deciding that the disciplinary letter issued to plaintiff in December 11, 2003 constitutes an "adverse employment action," plaintiff still cannot establish a prima facie case of employment discrimination because she has failed to show that Lorie Smith, a similarly situated Caucasian employee, was treated more favorably than plaintiff, an African-American. McDonnell Douglas, 411 U.S. at 802; Stewart, 120 F.3d at 432.  Plaintiff and Smith received disciplinary letters regarding attendance which were identical in all material respects.  (Compare Ex. George 17, in Ex. A to Def.'s Motion; Ex. Smith 1, in Ex. B to Def.'s Motion.)  The fact that plaintiff received her letter on December 11, 2003, and Smith did not receive her letter until February 13, 2004, is not sufficient to show that Smith was treated more favorably than plaintiff. Further, the fact that Rothenberger discussed FMLA leave with Smith after Smith informed her about medical issues that she was experiencing, (Smith Dep. 45-47, in Ex. C to Pl.'s Answer), does not give rise to an inference of preferential treatment and unlawful discrimination under McDonnell Douglas.

### IV.   CONCLUSION

The Court concludes that plaintiff's failure to hire claim would have been actionable under the pre-1991 version of 42 U.S.C. § 1981 and thus is subject to Goodman's application of the two-year Pennsylvania statute of limitations for personal injury actions.  Because plaintiff did not file her Complaint until more than two years after she learned that she was no longer under consideration for the WIM Administrative Secretary position, plaintiff's failure to hire claim is

Case 2:07-cv-01306-JD   Document 20   Filed 05/30/08   Page 13 of 13

time-barred.  Finally, the Court rules that plaintiff's Complaint fails to allege a claim under 42 U.S.C. § 1981 for disparate treatment during her employment with defendant and that the evidence of disparate treatment set forth in plaintiff's Answer to Defendant's Motion for Summary Judgment fails to establish a prima facie case of employment discrimination.  For these reasons, the Court grants defendant's Motion for Summary Judgment and enters judgment in favor of defendant, American Baptist Churches USA, and against plaintiff, Portia George.

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
         **JAN E. DuBOIS, J.**